UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FIDEL LEON ODIMARA,<br><br>                Petitioner,<br>     v.<br><br>DREW BOSTOCK,<br><br>                Respondent. | Case No. 2:24-cv-01412-MJP-TLF<br><br>ORDER ON MOTION TO SUBSTITUTE, ADDING BRUCE SCOTT AS A RESPONDENT, AND DIRECTING SERVICE ON BRUCE SCOTT |

Petitioner Fidel Leon Odimara is currently detained by United States Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, naming Drew Bostock, ICE Field Office Director, as the respondent and seeking release from detention or, in the alternative, a bond hearing. *Id.* at 1, 16. Petitioner has also filed a motion to substitute Bruce Scott, the warden of NWIPC, as the respondent in this action. Dkt. 6.

The current respondent, represented by the United States Attorney's Office, has filed a return memorandum and motion to dismiss arguing that the petition should be dismissed for two reasons: (1) because petitioner has failed to name his immediate custodian and therefore the Court lacks jurisdiction; and (2) because petitioner's detention is statutorily authorized under 8 U.S.C. § 1226(c) and comports with due process. Dkt. 7. The Government has also responded to petitioner's motion to substitute

ORDER ON MOTION TO SUBSTITUTE, ADDING
BRUCE SCOTT AS A RESPONDENT, AND
DIRECTING SERVICE ON BRUCE SCOTT - 1

the respondent, stating that it takes no position on the motion, but that Bruce Scott is not a federal employee and therefore the U.S. Attorney's Office does not represent him and their response to the petition is not filed on Mr. Scott's behalf. Dkt. 7. Therefore, the Government argues that if the Court grants petitioner's motion to substitute, that Bruce Scott should be served with the petition and provided with an opportunity to respond. *Id.* at 9-10.

"[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held ...." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). In *Doe v. Garland*, the Ninth Circuit recently "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." 109 F.4th 1188, 1199 (9th Cir. 2024). The Ninth Circuit found that "[t]he plain text of the federal habeas implementation provision delineates that petitions must include the name of 'the' person maintaining custody over the petitioner[.]" *Id.* at 1195. Petitioner is detained at the NWIPC in Tacoma Washington, and it appears the parties agree his immediate custodian is Bruce Scott, warden of NWIPC.

However, the Court notes that the Ninth Circuit in *Doe v. Garland*, has also stated that:

> [e]ven in cases where private contract wardens are named as respondents, the government can and has stepped in to defend its interest in keeping petitioners detained. *See* 28 U.S.C. § 517 (providing that "[t]he Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States ...."); *see also Smith v. Idaho*, 392 F.3d 350, 356 (9th Cir. 2004) (noting that "the custodian is the state's agent" and must be "named as a respondent"); *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) (holding that the proper respondent to the habeas

ORDER ON MOTION TO SUBSTITUTE, ADDING
BRUCE SCOTT AS A RESPONDENT, AND
DIRECTING SERVICE ON BRUCE SCOTT - 2

    petition was the private contract warden of the Ohio facility where petitioner was then detained); *Freire v. Terry*, 756 F. Supp. 2d 585, 585 (S.D.N.Y. 2010) (providing an example when the United States Attorney's office stepped in to defend a § 2241 petition on behalf of a private contract warden).

109 F.4th 1188, 1196–97. The Court notes that there is a pending motion to dismiss filed by the U.S. Attorney's Office on behalf of the current respondent (Drew Bostock) that seeks dismissal of the petition on the merits as well as dismissal for lack of jurisdiction for failure to name the proper respondent.

    Accordingly, in light of the current procedural posture of the action, and in order to ensure that all necessary parties are a part of the case at this stage, the Court hereby ORDERS:

(1) The motion to substitute (Dkt. 6) is GRANTED in part and Bruce Scott is *added* as a separate respondent in this action. The Clerk is directed to update the docket accordingly.

(2) The Clerk is further directed to arrange for service upon Bruce Scott (warden of NWIPC), upon the United States Attorney General in Washington, D.C., and upon the civil process clerk at the Office of the United States Attorney for the Western District of Washington of copies of the petition, of all documents in support thereof, and of this Order, by registered or certified mail, return receipt requested.

(3) **Within thirty (30) days after such service**, respondent Bruce Scott shall either (a) inform the Court as to whether he intends to join in the current return and motion to dismiss filed by respondent Drew Bostock, or (b) show cause why a writ of habeas corpus should not be granted by filing his own return as provided in 28 U.S.C. § 2243. As a part of any return, respondent Bruce Scott shall submit

ORDER ON MOTION TO SUBSTITUTE, ADDING
BRUCE SCOTT AS A RESPONDENT, AND
DIRECTING SERVICE ON BRUCE SCOTT - 3

a memorandum of authorities in support of his position, and should state whether an evidentiary hearing is necessary. Respondent Bruce Scott shall file the return with the Clerk of the Court and shall serve a copy upon petitioner.

(4) If a separate return is filed, it will be treated in accordance with LCR 7(d)(4). Accordingly, on the face of the return, respondent Bruce Scott shall note it for consideration no earlier than 28 days after it is filed, and the Clerk shall note the return accordingly. Petitioner may file and serve a response no later than 21 days after the return is filed, and respondent Bruce Scott may file and serve a reply no later than 28 days after the return is filed.

(5) The Clerk is directed to re-note respondent Drew Bostock's motion to dismiss (Dkt. 7) to **January 17, 2025**.

(6) The Clerk shall send copies of this Order to petitioner and to the Honorable Marsha J. Pechman.

Dated this 18th day of December, 2024.

Theresa L. Fricke
United States Magistrate Judge

ORDER ON MOTION TO SUBSTITUTE, ADDING
BRUCE SCOTT AS A RESPONDENT, AND
DIRECTING SERVICE ON BRUCE SCOTT - 4