UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FIDEL LEON ODIMARA,<br><br>                Petitioner,<br><br>    v.<br><br>DREW BOSTOCK,<br><br>                Respondent. | CASE NO. C24-1412 MJP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS |

This matter comes before the Court on Respondent's Objections to the Report and Recommendation of Magistrate Judge Teresa L. Fricke. (Dkt. No. 18.) Having reviewed the Objections, the Report and Recommendation (R&R) (Dkt. No. 17), and all supporting materials, the Court ADOPTS the R&R and OVERRULES the Objections.

**BACKGROUND**

The Parties are familiar with the relevant background, which is set out in great detail in the R&R. The Court refers the reader to the R&R's discussion of the relevant facts.

## ANALYSIS

**A.    Legal Standard**

Under Federal Rule of Civil Procedure 72, the Court must resolve <u>de novo</u> any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); <u>see also</u> 28 U.S.C. § 636(b)(1). Proper objections require "specific written objections to the proposed findings and recommendations" of the Magistrate Judge. Fed. R. Civ. P. 72(b)(2); <u>see also</u> <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations <u>de novo</u> if objection is made, but not otherwise.").

**B.    Objections Re: <u>Martinez</u>**

Respondent objects to the R&R's "finding that the multi-factor test used in <u>Martinez v. Clark</u>, demonstrates that Odimara's detention under 8 U.S.C. § 1226(c) has become unreasonable." (Dkt. No. 18 at 2 (citation omitted).) This is not a proper objection to the R&R. It does not constitute a "specific written objection[]" because it in no way explains why or how the R&R's well-reasoned conclusions are incorrect. To lodge a valid objection, the party objecting must explain why and how the R&R reached an incorrect determination. Merely saying the R&R should be overruled—as Respondent has done here—is not adequate. The Court OVERRULES the Objection.

**C.    Bond Hearing Burden of Proof**

Respondent argues that the R&R erred by finding that at Petitioner's bond hearing, the Respondent shall "bear the burden of proving Odimara is a danger or flight risk by clear and convincing evidence." (Obj'ns at 2 (citing R&R at 18–22).) Respondents argues that Petitioner

bears the burden of proof, and that this is consistent with "statute and the Constitution as interpreted by the Supreme Court." (Id.) The Court disagrees.

Respondent claims the R&R incorrectly relied on Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011), in determining that the burden be placed on ICE. (Obj'ns at 3.) Respondent correctly points out that in the wake of Jennings v. Rodriguez, 583 U.S. 281 (2018), it remains an "open question" in the Circuit as to whether Singh's reasoning regarding the constitutional rights of § 1226(c) detainees is still good law. (Id.) But in Martinez v. Clark, 124 F.4th 775, 785–86 (9th Cir. 2024), the Ninth Circuit recently affirmed that in an immigration bond hearing, the government, not the petitioner, bears the burden of proof under the clear and convincing evidence standard. Id. at 785-86. The Court sees no reason to deviate from Martinez's conclusion. And Respondent fails to cite or acknowledge Martinez, which does little to advance his position. The Court OVERRULES Respondent's Objections regarding the burden of proof and ADOPTS the R&R as to the same. At Petitioner's bond hearing, Respondent shall bear the burden of proof to show that Petitioner is a danger or flight risk by clear and convincing evidence.

## CONCLUSION

Respondent has failed to identify any error in the R&R. The Court OVERRULES the Objections and ADOPTS the R&R in full. Respondent's Motion to Dismiss is DENIED, and Petitioner's federal habeas petition is GRANTED in part and DENIED in part, as set forth in the R&R Within 30 days of entry of this Order, the Government must hold a bond hearing for Petitioner that comports with the procedural requirements of Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011)—wherein there is a contemporaneous record of the hearing, and the Government

bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community.

The clerk is ordered to provide copies of this order to Petitioner and all counsel.

Dated May 23, 2025.

Marsha J. Pechman
United States Senior District Judge